IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERNEST L. KING,**
      **Plaintiff,**

  **v.**         CASE NO. 09-3246-SAC

**JEFFREY FEWELL,**
**et al.,**

      **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Wyandotte County Adult Detention Center, Kansas City, Kansas (WCDC). Plaintiff has paid the initial partial filing fee assessed by the court, and his motion for leave to proceed in forma pauperis (Doc. 2), is now granted. Plaintiff is reminded that pursuant to 28 U.S.C. § 1915(b)(1), he remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the remainder of the fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing

disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Because Mr. King is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed.

Plaintiff names as defendants Jeffrey Fewell, Administrator, WCDC; James Eichoff, Captain, WCDC; and Donald Ash, Captain, WCDC. Plaintiff complains that he was denied full access to hot and cold water in his cell in the B2 segregation unit at the WCDC "because of other inmates' flooding". He alleges he wrote several grievances regarding this matter beginning on August 26, 2009, but has not been satisfied with the responses he received from the defendants. The response has been "we are working with the Unified Government Legal Department on the issue of the water being turned off in B2 to ensure that inmates' rights are being balanced with the need to keep the facility safe, secure, and orderly" and "with Unified Government Facilities Maintenance Personnel to develop a permanent solution to the flooding without having to turn the water on and off." He alleges his water access was restricted for 65 consecutive days as of October 28, 2009. He asserts that he was

subjected to cruel and unusual punishment.

Plaintiff seeks injunctive relief requiring defendants to provide "full usage of water hot and cold" in his cell and to allow him to flush the toilet anytime; to turn the water back on in the B2 housing unit, and his placement back in general population. He also seeks reimbursement of the $350.00 filing fee for this civil action.

Plaintiff has notified the court that he has been transferred to the Ellsworth Correctional Facility. Since he is no longer at the Wyandotte County Adult Detention Center, his claim for injunctive relief is moot. Plaintiff provides no legal or factual basis for this court to require defendants, who have not been served or found to be liable herein, to reimburse his filing fee.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is granted, and plaintiff is hereby assessed the remainder of the filing fee of $350.00 in this action.

**IT IS FURTHER ORDERED** that this action is dismissed for the reason that plaintiff's transfer has rendered his request for relief moot.

Copies of this Order shall be transmitted to the Finance Officer at the institution where plaintiff is currently incarcerated.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge