IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERNEST L. KING,**

        **Plaintiff,**

    **v.**                      CASE NO.  09-3246-SAC

**JEFFREY FEWELL,
et al.,**

        **Defendants.**

### O R D E R

This action was dismissed and all relief was denied by order entered May 25, 2010. The matter is currently before the court upon Mr. King's letter to the Clerk of the Court, which has been liberally construed and docketed as his Motion for Order for Reimbursement of Fee (Doc. 9). Plaintiff applied for and was granted leave to proceed without prepayment of fees in this action. He was forewarned in the court's order assessing an initial partial filing fee (Doc. 3) and reminded in the court's order granting his motion (Doc. 6) that being allowed to proceed in forma pauperis did not relieve him of the obligation to pay the full fee of $350.00 for filing a civil action.

In support of his motion, Mr. King claims he should not have been ordered to "pay this court" and alleges that he has not "even been to court one time." He advises that he sought reimbursement of the $350.00 fee in his complaint, and asks the

1

court to "render to (him) the total due, and or total balance." He also claims that the finance office at Hutchinson Correctional Facility (HCF) has "taken more" than ordered by the court in that it is taking "20% of everything that's coming in" to his account. He requests that the court order the HCF to take only what they are allowed "to collect pursuant to § 1915(b)(2)." The court finds that plaintiff alleges no fact showing that he is entitled to either request for relief.

Plaintiff fails to allege any facts or suggest any legal authority that would entitle him to either non-assessment or reimbursement of the statutory filing fee for this civil lawsuit. The fact that plaintiff never appeared in court does not relieve him of the obligation to pay the fee or warrant its reimbursement. 28 U.S.C. § 1915(b)(1) expressly provides that "if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee." It further provides that after payment of an initial partial filing fee "the prisoner shall be required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account," and that the agency "shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). Thus, federal law plainly required this court to assess the filing fee against

plaintiff upon his filing of his complaint in forma pauperis. There is no provision in the statute that relieves a plaintiff of that obligation simply because his case does not progress beyond a certain point. Nor does the fact that Mr. King asked for reimbursement in his complaint entitle him to reimbursement of the fee. The court found in its dismissal order that Mr. King had stated no legal or factual basis to require defendants to reimburse his filing fee. *Id.* at 3. The instant motion likewise is devoid of factual or legal basis for reimbursement.

The court also finds that Mr. King does not provide facts or figures showing that HCF officials have collected more than allowed by statute from his account.[1] He does not allege what amounts were actually taken from his account during the collection process and explain what lesser amounts should have been taken. Nor does he allege facts showing that they took 20% of his account income for a month in which his account balance did not exceed $10.00. In short, plaintiff has alleged no facts showing that more has been collected from him than the $350.00 fee or that more than 20% of his monthly income has been

---

[1] The court has reviewed plaintiff's account transaction history maintained by the court's finance office. It reveals that after submitting the initial partial filing fee ordered by the court, Mr. King has made only 7 payments of varying amounts that total $106.47, leaving him with an outstanding balance of $244.53. Those payments were received in the following months: May and December of 2011; February, March, April, June, and August of 2012. It thus does not appear that the HCF has submitted payments more frequently than monthly.

collected in a single month. Thus, plaintiff fails to state facts sufficient to show that HCF officials have violated the order of the court or the provisions of § 1915(b)(2) in the collection of the filing fee assessed in this case.

For the foregoing reasons, the court concludes that plaintiff states no grounds for relief from its judgment assessing the filing fee in this case, no grounds for relief against the agency collecting the fee, and no grounds for reimbursement of the filing fee.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's letter treated as a Motion for Order of Reimbursement (Doc. 9) is denied.

**IT IS SO ORDERED.**

Dated this 28th day of August, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**